IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REILIANA RODRIGUEZ MORALES,<br>Plaintiff,<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br><br>Defendant. | CIV. NO.: 16-1332 (SCC) |

**MEMORANDUM AND RDER**

Reiliana Rodriguez-Morales, ("plaintiff"and/or "claimant"), asks this court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying her application for disability benefits. Docket No. 1. After a thorough review of the record and the parties' memoranda, we affirm the Commissioner's decision.

*STANDARD OF REVIEW*

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy." 42U.S.C. Sec. 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec.405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. Sec⊚⊚404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. Secs. 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. Sec. 404.1520(a)(4)(I). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. Sec. 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. Sec. 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. Section 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, his residual functional capacity ("RFC") is assessed. 20 C.F.R. Sec. 404.1520(a)(4), (e). Once the RFC is determined, the inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. Sec. 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step

five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. Sec§§404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## *BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff made her initial application for disability benefits on June 30, 2011, alleging that her disability began on or around March 30, 2009. *See* TR. at 635, 723-25.[1] The claim was initially denied, as was the reconsideration, and plaintiff thereafter requested a hearing. The hearing was held on August 14, 2013. *Id.* at 243-268. In a decision dated February 12, 2014, the ALJ found that Plaintiff was not disabled within the pertinent time frame. *Id.* at 223-235. The appeals council refused to review the ALJ's decision, and she filed this appeal. *See* Docket No. 1.

---

[1]. We will refer to the Social Security Transcript as "TR." throughout.

The ALJ concluded that plaintiff had the Residual Functional Capacity ("RFC") to perform less than the full range of "light" work as defined in 20 CFR 404.1567(b), with some limitations. TR. at 52. The ALJ then found that while she could no longer perform her past relevant work, there existed work that she could perform; therefore, she was not disabled. *Id.* at 52-53.

## *ANALYSIS*

The ALJ concluded that plaintiff has the residual functional capacity to perform "low stress work that is simple, routine and repetitive with occasional contact with coworkers and the public" with the following additional limitations: additional bathroom breaks, and no exposure to dust, fumes or environmental contaminants. *Id*. at 228.

Plaintiff alleges that the ALJ's erroneous determination that she could perform other alternative work was not supported by the record or the applicable legal standards. Specifically, Ms. Rodríguez avers that the ALJ's findings are not supported by "any medical assessment". Furthermore, plaintiff claims that there are no findings on the record to support the ALJ's conclusion that her mental conditions have been controlled with prescribed treatment.

A review of the record shows otherwise. First, the ALJ's determination carefully recounts the medical evidence on record. It grants great weight to the opinions of consulting internist Dr. Fernando Torres, and consulting neurologist, Dr. Marisol Mubarak, both of which concluded that Ms. Rodriguez did not suffer severe physical restrictions or limitations due to her asthma and Irritable Bowel Syndrome ("IBS"). As to plaintiff's mental condition, the ALJ accorded great weight to the opinions of psychiatrists Dr. Luis Iturrino and Dr. Efren Mangual, because they were supported by clinical findings and the medical evidence on record. Dr. Mangual diagnosed Ms. Rodriguez with a major depression moderate, but opined that she was able to manage her funds and to assume responsibility over herself. Similarly, Dr. Iturrino diagnosed Ms. Rodriguez with a somatoform disorder not otherwise specified, and concluded that she was able to take care of her personal needs and manage her own finances.

Aside from relying on the medical opinions of the consulting psychiatrists, the ALJ considered Plaintiff's medical records. *Id*. at 229-230. In doing so, the ALJ stated that plaintiff had continued to work until 2010, when she was laid off. This was well after the alleged onset of her disability on March of 2009. The ALJ also noted that the treatment that plaintiff had received for her mental

condition had improved her symptoms. *Id*. at 229-230, 257.

We concur with the ALJ's determination that the treating Notes are consistent with the Doctors' diagnosis and recommendations, and find that the evidence on the record supports the ALJ's findings regarding plaintiff's residual capacity.

Next, plaintiff claims that the hypothetical that the ALJ posed to the vocational expert did not accurately describe her limitations. According to plaintiff, the hypothetical "did not cover the occurrence of panic attacks", or the "psychomotor retardation…or poor short term memory" of which she complains.

We disagree, the hypothetical posed properly considered plaintiff's age, academic preparation and previous work experience, and it specified that she could perform low stress work that is simple, routine, and repetitive, with occasional contact with coworkers and the public, and no exposure to fumes, or environmental contaminants, and requiring several bathroom breaks. *Id*. at 265-267. The hypothetical reasonably incorporated all disabilities of the claimant recognized by the ALJ, as is required. See *Velez-Pantoja v. Astrue*, 786 F.Supp.2d 464, 469 (D.P.R. 2010).

It is worth restating that our review of the ALJ's decision is limited to determining whether the findings in the final decision are supported by substantial evidence, and

whether she applied the correct legal standards. *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). We find that the ALJ fulfilled both requirements.

## *CONCLUSION*

For the reasons stated above, we AFFIRM the decision of the Commissioner.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2017.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES MAGISTRATE JUDGE